Alan Blankenheimer (SBN 006164)
Covington & Burling LLP
9191 Towne Center Drive
6th Floor
San Diego, CA 92122-1225
Tel: (858) 678-1801
ablankenheimer@cov.com

Michael X. Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
Brett C. Reynolds (*pro hac vice*)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-5868
mimbroscio@cov.com

Attorneys for Defendant
Eli Lilly and Company

David A. Wenner (AZ Bar No. 009886)
Snyder & Wenner, P.C.
2200 E. Camelback Rd., Ste 213
Phoenix, AZ 85016
Tel: (602) 224-0005
david@jurybias.com

Harris L. Pogust (*pro hac vice*)
T. Matthew Leckman (*pro hac vice*)
Pogust Braslow & Millrood, LLC
Eight Tower Bridge, Ste 1520
161 Washington Street
Conshohocken, PA 19428
Tel: (610) 941-4204
hpogust@pbmattorneys.com
mleckman@pbmattorneys.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| THOMAS SEAGROVES and UTE SEAGROVES,<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY, and Indiana corporation,<br><br>Defendant. | No. CV-13-01183-PHX-DJH<br><br>**DEFENDANT'S JOINT SUBMISSION REGARDING DISCOVERY DISPUTE** |

**JOINT SUBMISSION REGARDING DISCOVERY DISPUTE**

Pursuant to this Court's Scheduling Order, Defendant Eli Lilly and Company ("Lilly") and Plaintiffs Thomas and Ute Seagroves ("Plaintiffs") submit this summary of a discovery dispute between the parties. *See* Dkt. No. 26, para. 6.[1]

---

[1] Lilly notes that this filing does not fit within the page limits contemplated by the Scheduling Order because Plaintiffs declined to comply with the requirements of that Order. *See infra.*

I.     **LILLY'S STATEMENT**

Having alleged that he was initially prescribed Cymbalta in 2004, (Compl. ¶ 32), Plaintiff Thomas Seagroves failed to disclose the name of his original prescriber in response to Lilly's January 13, 2014 discovery requests seeking this information.  After repeated unanswered inquiries by Lilly, Plaintiff revealed for the first time on July 28, 2014 that he does not recall the name of his original prescriber and required insurance records to obtain that information.  Despite this representation and after months of correspondence on this issue, Lilly still does not have this basic responsive information. This ongoing discovery failure has impaired Lilly's ability to prepare for and proceed with key depositions.  Indeed, Lilly has already postponed depositions of Plaintiffs which had been set for mutually agreed-upon dates.  In light of the impending December 12, 2014 discovery deadline, Lilly respectfully seeks an order from the Court setting a date certain of September 30, 2014 by which Plaintiffs must provide this information or dismiss their complaint without prejudice pending identification of this information.[2]

II.    **PLAINTIFFS' STATEMENT**

This is not a "dispute" that requires the Court's intervention.  But Defense counsel has insisted that the parties file joint "dispute" papers, and so Plaintiffs have no choice but to state their position herein.  Your undersigned apologizes in advance for use of more than a page of text, but a fuller explanation is crucial.

To be clear, the parties are **not** in any disagreement: both sides are interested in learning the identity of the first physician to prescribe Cymbalta for Plaintiff and obtaining that physician's records.  Lilly's discussion suggests that Plaintiffs have somehow hidden the ball, which is simply not the case. Undersigned Plaintiffs' counsel has timely – and repeatedly – kept Defense counsel updated as to Plaintiffs' efforts in

---

[2] Lilly submits that a date certain is necessary to provide Lilly with sufficient time prior to the close of discovery to subpoena relevant records from the prescribing physician.

1  attempting to retrieve health insurance billing records through counsel's medical records
2  retrieval service, Medical Records Express, LLC.  It is counsel's hope that billing
3  records will identify healthcare providers for the relevant time frame (i.e., 2004-2007).

4  Straining to conjure a "dispute" here, Lilly fails to mention that **Plaintiffs have
5  already produced** (in February 2014) **medical records confirming that Plaintiff used
6  Cymbalta from 2007 to 2012**.  And importantly, Plaintiffs provided Defense counsel
7  with a validly executed HIPAA authorization to permit Lilly to conduct the very same
8  search Plaintiffs are currently conducting – or any search at all – for relevant medical or
9  billing records.  There was no surprise here.  Plaintiff's Complaint has always alleged
10 that he ingested Cymbalta from 2004 to 2012.  And the records already in Lilly's
11 possession begin in 2007, clearly after Plaintiff had already begun using Cymbalta.

12 At present, undersigned Plaintiffs' counsel continues to await delivery of billing
13 records.  Plaintiffs' counsel is aware of the deadlines in this case and the need to
14 cooperate and facilitate in relevant discovery.  And your undersigned has been acting
15 diligently to do just that.  As the parties have repeatedly discussed, when relevant
16 records are received, they forthwith will be made available to Defense counsel.  A date
17 certain would not effectuate a result any faster than is otherwise possible, and
18 accordingly, Plaintiffs respectfully request the Court deny Lilly's request.  Instead, the
19 parties should be permitted to continue to work cooperatively in attempting to identify
20 the physician(s) in question and locate the relevant records.

21 **III.  PARTIES' CERTIFICATION**

22 Pursuant to the Scheduling Order entered in this action, the parties jointly certify
23 that they have attempted to resolve this dispute through consultation and sincere effort as
24 required by LRCiv 7.2(j).

| | |
|---|---|
| DATED this 8th day of September, 2014. | Respectfully Submitted, |
| | By:  /s/ Brett C. Reynolds |
| | Phyllis A. Jones (*pro hac vice*) |
| | Michael X. Imbroscio (*pro hac vice*) |
| | Brett C. Reynolds (*pro hac vice*) |
| | Covington & Burling LLP |
| | 1201 Pennsylvania Ave. NW |
| | Washington, DC 20004 |
| | Tel: (202) 662-6000 |
| | pajones@cov.com |
| | |
| | Attorney for Defendant |
| | Eli Lilly and Company |
| | |
| | /s/ T. Matthew Leckman |
| | Harris L. Pogust (*pro hac vice*) |
| | T. Matthew Leckman (*pro hac vice*) |
| | Pogust Braslow & Millrood, LLC |
| | Eight Tower Bridge, Ste 1520 |
| | 161 Washington Street |
| | Conshohocken, PA 19428 |
| | Tel: (610) 941-4204 |
| | hpogust@pbmattorneys.com |
| | mleckman@pbmattorneys.com |
| | |
| | Attorney for Plaintiffs |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2014, I electronically transmitted the foregoing Joint Submission by CM/ECF filing on the following:

>David A. Wenner (AZ Bar No. 009886)
>Snyder & Wenner, P.C.
>2200 E. Camelback Rd., Ste 213
>Phoenix, AZ 85016
>Tel: (602) 224-0005
>david@jurybias.com
>
>Harris L. Pogust (*pro hac vice*)
>T. Matthew Leckman (*pro hac vice*)
>Pogust Braslow & Millrood, LLC
>Eight Tower Bridge, Ste 1520
>161 Washington Street
>Conshohocken, PA 19428
>Tel: (610) 941-4204
>hpogust@pbmattorneys.com
>mleckman@pbmattorneys.com
>
>Attorneys for Plaintiffs

/s/ Brett C. Reynolds