Alan Blankenheimer (SBN 006164)
Covington & Burling LLP
9191 Towne Center Drive
6th Floor
San Diego, CA 92122-1225
Tel: (858) 678-1801
ablankenheimer@cov.com

Michael X. Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
Brett C. Reynolds (*pro hac vice*)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-5868
mimbroscio@cov.com

Attorneys for Defendant
Eli Lilly and Company

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| THOMAS SEAGROVES and UTE SEAGROVES, <br><br> Plaintiffs, <br><br> vs. <br><br> ELI LILLY AND COMPANY, and Indiana corporation, <br><br> Defendant. | No. CV-13-01183-PHX-DJH <br><br> **DEFENDANT'S STATUS REPORT PURSUANT TO THE COURT'S SEPTEMBER 17 ORDER** |

Consistent with the Court's direction during its September 17, 2014 Telephonic Discovery Hearing with the parties, Lilly submits this report to apprise the Court of the status of the discovery issue raised during the September 17 hearing. (Dkt. 37 (Discovery Order (September 17, 2014)).)

**I.    The Parties' Dispute Concerning Plaintiffs' Alleged 2004 Prescriber**

In his June 11, 2013 Complaint, Mr. Seagroves alleged that he was first prescribed Cymbalta in 2004 for the treatment of depression and fibromyalgia. (Compl. ¶ 32.)   Lilly served discovery seeking the name of each physician who prescribed

1  Cymbalta to Mr. Seagroves, including the alleged 2004 prescriber. (*See*, *e.g.*,
2  Defendant's First Set of Interrogatories to Plaintiffs, served Jan. 13, 2014, attached as
3  Ex. 1 to Declaration of Brett Reynolds ("Reynolds Decl.").)  Mr. Seagroves did not
4  identify any alleged 2004 prescriber in his written responses, despite the central
5  importance of this information, which the Court deemed "extremely relevant," (Hearing
6  Transcript of September 17, 2014 Discovery Hearing ("Hr'g Tr.") at 8:3-5, attached as
7  Ex. 2 to Reynolds Decl.; Plaintiffs' Answers and Objections to Defendant's First Set of
8  Interrogatories to Plaintiffs, served Feb. 10, 2014, attached as Ex. 3 to Reynold's Decl.)
9  In a June 6, 2014 discovery deficiency letter, Lilly noted that the sole medical records
10 relating to Mr. Seagroves' Cymbalta treatment identified only Dr. Grace Haynes, who
11 prescribed Cymbalta to Mr. Seagroves in 2006.  (*See*, *e.g.*, Jones Letter to Leckman,
12 June 6, 20014, attached as Ex. 4 to Reynold's Decl.)  Lilly expressly requested that Mr.
13 Seagroves identify any earlier prescriber or — if the 2004 prescription claim was
14 inaccurate — that "the Complaint be amended accordingly."   (*Id.*)

15  Mr. Seagroves supplemented his responses to Lilly's First Set of Interrogatories
16 on June 24, 2014, stating that "Plaintiff does not recall the name or location of
17 originating prescriber.  Plaintiff is currently obtaining insurance records to obtain this
18 information." (Plaintiff's Supplemental Answers and Objectios to Defendant's First Set
19 of Interrogatories, served June 24, 2014, attached as Ex. 5 to Reynolds Decl.) After two
20 months of fruitless correspondence with Plaintiffs' counsel during which Mr. Seagroves'
21 counsel advised that Mr. Seagroves could not remember the name of his 2004 Cymbalta
22 prescriber, (*see*, *e.g.*, Davis e-mail to Stern, July 28, 2014, attached as Ex. 6 to Reynolds
23 Decl.; Leckman e-mail to Reynolds, Aug. 11, 2014, attached as Ex. 7 to Reynolds
24 Decl.), Lilly filed the parties' joint submission describing this ongoing discovery
25 deficiency.  (Dkt. 35 (Stipulation re Discovery Issue (Sept. 8, 2014)).)

26  The Court heard argument from the parties on September 17, 2014.  During that
27 September 17 telephonic conference, the Court noted that it was "odd not to have that
28 information or at least have access or to have thoroughly identified that information at

the time that you filed the complaint." (Hr'g Tr. at 8:5-7.)  In response to the Court's concern, Mr. Seagroves' counsel defended the accuracy of the original Complaint's reference to a 2004 prescriber:  "Substantively we absolutely had a basis to file the complaint. . . .  We are confident that there is a prior prescriber." (*Id.* at 8:25; 9:17.)  This Court ordered Mr. Seagroves to produce the 2004 prescriber information by October 10, 2014 and advised that it would entertain a motion by Lilly if Mr. Seagroves failed to satisfy that deadline.  (Dkt. 37. (Discovery Order (Sept. 14, 2014)).)

## II.   Plaintiffs' Response to the Court's September 17 Order

On September 23, Mr. Seagroves' counsel identified another provider who treated Mr. Seagroves during the relevant period, Dr. Miriam Arce; however, Mr. Seagroves could not confirm that Dr. Arce was his initial Cymbalta prescriber.  (*See* E-mail from Leckman to Jones, Sept. 23, 2014, attached as Ex. 8 to Reynolds Decl.)  Lilly subpoenaed this provider based upon the information provided by Mr. Seagroves. (Lilly subpoena to Dr. Arce, served Sept. 24, 2014, attached as Ex. 9 to Reynolds Decl.)  On September 30, 2014, Dr. Arce's office informed Lilly that it had no records for Mr. Seagroves. (*See* Letter from East Valley Internal Medicine to Stern, Oct. 10, 2014, attached as Ex. 10 to Reynolds Decl.) (confirming substance of September 30, 2014 telephone conversation between East Valley Internal Medicine and Catherine Stern). Lilly's counsel communicated this information to Plaintiffs' counsel. (*See* e-mail from Reynolds to Leckman, Oct. 9, 2014, attached as Ex. 11 to Reynolds Decl.)

On October 9, a day before the Court's deadline and after months of maintaining that a 2004 prescriber existed, Mr. Seagroves' counsel reversed course.  Counsel noted that Mr. Seagroves' "memory continues to be that he started [Cymbalta] in 2004, but after having another look at the medical records, I just don't think that's the case." (E-mail from Leckman to Reynolds, Oct. 9, 2014, attached as Ex. 12 to Reynolds Decl.) Based upon his review of Mr. Seagroves' records of treatment with Dr. Haynes —

records in his possession since at least as early as February 2014[1] — counsel proposed to "amend the complaint to allege a March 2006 start date." (*Id.*) On October 10, Mr. Seagroves' counsel reported for the first time that it was Dr. Haynes who originally prescribed Cymbalta to Mr. Seagroves in 2006. (E-mail from Leckman to Reynolds, Oct. 10, 2014, attached as Ex. 13 to Reynolds Decl.) To Lilly's knowledge, despite his counsel's conclusion based on a review of the existing records, Mr. Seagroves has not confirmed this account.

### III.  Lilly's Position on Plaintiffs' Proposal to Amend Their Complaint

Plaintiffs' request to amend their Complaint comes eight months after the Court's February 14, 2014 deadline to amend pleadings and two months before the December 12, 2014 fact discovery deadline. (*See* Dkt. 26 (Scheduling Order (January 10, 2014)).) As a threshold matter, Mr. Seagroves cannot satisfy the Ninth's Circuit's "good cause" standard for amendment following the passing of the Court's February 14, 2014 deadline to amend the pleadings. That standard looks, in the first instance, "at the diligence of the party seeking amendment" pursuant to Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). (*See also* Dkt. 26 (Scheduling Order (January 10, 2014))) ("The parties are warned that failure to meet any of the deadlines in this order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions, **including dismissal of the action or entry of default**.") Well over a year after filing this lawsuit, Mr. Seagroves' counsel has now ostensibly concluded that his client was first prescribed Cymbalta in 2006, not 2004, despite what appears to be Mr. Seagroves' continuing belief that he began Cymbalta in 2004. This conclusion appears to be based upon nothing more than a simple examination of records available as early as February 2014. (*See* Ex. 12.) Mr. Seagroves' counsel undertook that basic review of his

---

[1] Mr. Seagroves produced the records to Lilly on February 10, 2014 with his interrogatory and document request responses. (*See* Davis e-mail to Jones and Imbroscio, Feb. 10, 2014, attached as Ex. 15 to Reynolds Decl.)

own client's medical records only after nearly eighteen months of litigation and repeated requests by Lilly to clarify the basis for Mr. Seagroves' claim of a 2004 ingestion. Even then, Mr. Seagroves and his counsel acted only after the intervention of the Court and under the potential threat of dismissal. The Rule 16 "good cause" standard requires more. *See Johnson*, at 609 ("Failing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence.").

At a minimum, if Plaintiffs are permitted to amend, Lilly is entitled to reimbursement for the costs, expenses, and fees incurred by Lilly as a consequence of the prolonged discovery dispute over Mr. Seagroves' alleged 2004 prescriber, including the fees incurred in extensive correspondence on this issue and the submission of the issue to the Court.[2] This request is consistent with this Court's statutory authority to compel the payment of excess costs, expenses, and fees caused by anyone who "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927. The failure to confirm the soundness of Mr. Seagroves' allegation of a 2004 Cymbalta prescription — either prior to the filing of Mr. Seagroves' complaint or on any of the many occasions when Lilly urged Mr. Seagroves to validate the basis for his claims — has needlessly multiplied Lilly's fees and costs pursuing a 2004 prescriber Mr. Seagroves (or at least his counsel) now believes does not exist.

## IV.   Conclusion

In the event Plaintiffs seek amendment of their Complaint, Lilly will submit briefing, outlining in full the basis for its opposition as well as its claim for costs, fees, and expenses arising from this dispute.

---

[2] Counsel for Lilly has explained to Mr. Seagroves' counsel that Lilly would not consent to amendment of the complaint absent an agreement that Lilly would be reimbursed for its costs, expenses, and fees incurred pursuing this matter. (*See* Jones e-mail to Leckman, Oct. 10, 2014, attached as Ex. 14 to Reynolds Decl.)

| | | |
|---|---|---|
| 1 | DATED this 14th of October, 2014. | Respectfully Submitted, |
| 2 | | By:  /s/ Brett C. Reynolds |
| 3 | | Phyllis A. Jones (*pro hac vice*) |
| | | Michael X. Imbroscio (*pro hac vice*) |
| 4 | | Brett C. Reynolds (*pro hac vice*) |
| 5 | | Covington & Burling LLP |
| | | 1201 Pennsylvania Ave. NW |
| 6 | | Washington, DC 20004 |
| 7 | | Tel: (202) 662-6000 |
| | | pajones@cov.com |
| 8 | | |
| 9 | | Attorneys for Defendant |
| | | Eli Lilly and Company |

**CERTIFICATE OF SERVICE**

I, Brett Reynolds, hereby certify that on this 14th day of October, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

By: /s/ Brett Reynolds