T. Matthew Leckman (*pro hac vice*)
mleckman@pbmattorneys.com
Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
161 Washington Street, Suite 1520
Conshohocken, PA 19428

Attorneys for Plaintiffs Thomas Seagroves
and Ute Seagroves

# UNITED STATES DISTRICT COURT
# THE DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS SEAGROVES and UTE SEAGROVES,<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | No. CV-13-01183-DJH<br><br>**PLAINTIFFS' STATUS REPORT PURSUANT TO THE COURT'S SEPTEMBER 17 ORDER** |

In order to counter the advocacy argument injected by Defendant Eli Lilly and Co. ("Lilly") into its status report (Doc. No. 40), Plaintiffs submit their own report to ensure that the Court is made fully aware of Plaintiffs' compliance with the Court's September 17, 2014 Order and – notwithstanding the rhetoric of Lilly's filing – the merits of Plaintiffs' claims and allegations in this lawsuit.

Both Plaintiffs' 6+ years of Cymbalta use and the withdrawal injuries that set in upon his discontinuation of Cymbalta – which are the central material facts of the products claims in his complaint – are undisputedly supported by the medical records that both parties have long had in their possession. Dr. Haynes' medical records clearly document Mr. Seagroves' withdrawal symptoms including "constant ringing in the ear," "constant rush in his head" "feel[ing] pressure behind his eye," "can't sleep," and "having starry moments." (*See* Records of Grace Haynes,

MD, for Plaintiff Thomas Seagroves, attached as Ex. 1 to Declaration of T. Matthew Leckman ("Leckman Decl.")) Both his Cymbalta use and his injuries have been undisputed realities since the outset of discovery. Lilly's position that the lawsuit nonetheless should be jettisoned on the basis of an allegation collateral to those undisputed contentions (*i.e.*, the date on which *commenced* Cymbalta use) is misplaced. Whether Plaintiff began using Cymbalta in 2004, as he pleaded in his complaint based on his memory, or 2006, as Dr. Grace Haynes has now confirmed, is of absolutely no moment to the viability of his discontinuation and withdrawal injuries. Moreover, the reality that a factual allegation in Plaintiffs' complaint was based on his seemingly faulty memory does not in any way suggest a dereliction of diligence on the part of undersigned Plaintiffs' counsel. To the contrary, your undersigned filed suit in good faith reliance on information from the Plaintiff, as well as Dr. Haynes' medical records, which were procured in advance of suit and timely produced to Lilly when discovery started.

Lilly counsel is correct that, during the telephonic conference with the Court on September 17, 2014, your undersigned urged that a physician other than Dr. Haynes began prescribing Cymbalta to Plaintiff prior to 2006. This representation was founded on Plaintiff's representations to counsel. Your undersigned advised the Court that all efforts were being made to recover pre-2006 healthcare billing and medical records and pleaded with the Court that no date-certain would change counsel's ability to procure more records than were already in our possession. The Court was not satisfied with those representations and ordered your undersigned to do better. And that is precisely what your undersigned undertook to do. Undersigned recovered billing records and alerted Lilly counsel on September 23, 2014 that, based on those records, another physician (Dr. Miriam Arce) appears to have treated Plaintiff during the 2004-2006 timeframe. When no records could be collected from that physician,

PLAINTIFFS' STATUS REPORT

counsel made further inquiry to Mr. Seagroves and sought out Dr. Haynes for any insight she could provide. Following a telephone conversation with Dr. Haynes, Plaintiffs' counsel advised Lilly that, in fact, it appears that Plaintiff initiated Cymbalta treatment at Dr. Haynes's office in 2006. Plaintiffs' counsel timely advised Lilly's counsel of that conversation and requested Lilly's consent to amend the complaint as to that fact. In an October 10th email, undersigned alerted Lilly's counsel that "Dr. Haynes called me this morning and confirmed, that based upon her records, she and her PA initiated Mr. Seagroves on Cymbalta in 2006. Please confirm you'll consent to our amending the Complaint." (*See* E-mail exchange between Leckman and Jones, attached as Ex. 2 to Leckman Decl.). Unsatisfied with Plaintiffs' counsel's efforts and representations – and apparently desirous to continue to inflate this collateral issue beyond its actual size – Lilly responded that it would not consent to an amendment unless Plaintiffs would agree to cover Lilly counsel's fees and costs. Lilly's status report followed.

Dismissal here is not appropriate. Fees and costs are not appropriate. Mr. Seagroves took Cymbalta. He suffered when he stopped. His memory may not be perfect, but he timely filed suit following his injuries, and undersigned Plaintiffs' counsel has been nothing but forthright and accommodating in discovery relating to his claims. Depositions and case-specific discovery should go forward. The fact that depositions have been scheduled and re-scheduled here is a consequence of Lilly's requests (not Plaintiffs'). Indeed, it was Lilly's counsel who requested an extension to Plaintiffs' depositions in each instance. (*See* E-mail exchange between O'Brien and Reynolds attached as Ex. 3 to Leckman Decl.).

Plaintiffs respectfully urge that this Court deny Lilly's invitation to forbid an amendment to the complaint and its request for attorneys' fees and costs. Instead, Plaintiffs ask that they be

permitted to amend their complaint on the collateral fact of Mr. Seagroves' date of first Cymbalta usage.

Dated: October 15, 2014

/s/ T. Matthew Leckman
T. Matthew Leckman, Esq. (*pro hac vice*)
POGUST BRASLOW & MILLROOD, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Mleckman@pbmattorneys.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF MAILING

I hereby certify that on the 15ˢᵗ day of October, 2014, I electronically mailed a COPY of the foregoing document to the following:

Harris L. Pogust (*pro hac vice*)
T. Matthew Leckman (*pro hac vice*)
POGUST BRASLOW & MILLROOD LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Attorneys for Plaintiffs

Alan Blankenheimer
COVINGTON & BURLING LLP
9191 Towne Centre Drive
6th Floor
San Diego, CA
Attorneys for Defendant

Michael Imbroscio, Esquire (*pro hac vice*)
Phyllis Jones, Esquire (*pro hac vice*)
Brett C. Reynolds (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
Attorneys for Defendant

**POGUST BRASLOW & MILLROOD LLC**

Dated: October 15, 2014
By: /s/ T. Matthew Leckman
Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
T. Matthew Leckman (*pro hac vice*)
mleckman@pbmattorneys.com
161 Washington Street, Suite 1520
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245