Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
T. Matthew Leckman (*pro hac vice*)
mleckman@pbmattorneys.com
POGUST BRASLOW & MILLROOD LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245

Attorneys for Plaintiffs
THOMAS SEAGROVES and
UTE SEAGROVES (H&W)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS SEAGROVES and UTE SEAGROVES,<br><br>    Plaintiffs,<br><br>vs.<br><br>ELI LILLY & COMPANY, an Indiana corporation,<br><br>    Defendant. | No.: CV-13-01183-PHX-DJH<br><br>**PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (First Request)** |

Pursuant to Fed. R. Civ. P. 16 and reasons enumerated in the accompanying Memorandum of Points and Authorities, Plaintiffs move this Court to modify its January 10, 2014 Scheduling Order (Dkt. 26). Plaintiffs move with good cause for the modification of the scheduling order due to: 1) the necessity to replace their specific causation expert, Dr. Henry Lahmeyer, due to an unexpected, serious medical condition; 2) to provide their new specific causation expert, Dr. Joseph Glenmullen, the time necessary to properly review materials, draft expert reports, and provide deposition testimony in this matter *and* two additional Cymbalta cases which are set to commence

trial in California on May 5th; and 3) to provide additional time to counsel in order to comply with the court ordered deadlines given the time constraints due to the May 5th trial setting and the additional forty *plus* Cymbalta cases that are being litigated across the country.

Plaintiffs propose an amended pretrial schedule with the following deadlines (the original court-ordered deadlines are in parenthesis):

Plaintiffs' expert disclosures: 5/20/15 (2/20/15)

Defendant's expert disclosures: 6/22/15 (3/20/15)

Rebuttal expert disclosures: 7/3/15 (4/3/15)

Expert deposition completion: 8/3/15 (5/1/15)

Dispositive Motions and Motions challenging expert opinions: 9/4/15 (6/5/15)

Joint Proposed Pretrial Order: 9/28/15 (6/26/15)

Final Pretrial Conference: To be set by the court.

Pursuant to Local Rule 7.3(b), Plaintiffs have inquired as to whether counsel for Lilly consent to this extension, and Lilly counsel indicated that they object to any modification of the Scheduling Order. As required by Local Rule 7.3(a), a Proposed Order is submitted with this motion.

DATED: March 6, 2015          Respectfully submitted,

POGUST BRASLOW & MILLROOD LLC

/s/ Harris L. Pogust

Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
T. Matthew Leckman (*pro hac vice*)
mleckman@pbmattorneys.com
161 Washington Street, Suite 1520
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245

**Memorandum and Points of Authorities**

Plaintiffs, Thomas Seagroves and Ute Seagroves, respectfully submit this Memorandum of Points and Authorities in support of their Motion to Modify the Scheduling Order.

Background

During the summer of 2014, Plaintiffs' counsel retained Dr. Henry Lahmeyer as their specific causation expert to prepare reports and testify at deposition and trial in *Seagroves* and two California Cymbalta cases.[1] *See* Pogust Decl., at ¶3. In fact, in the California cases, Dr. Lahmeyer's expert reports had been prepared and provided to Lilly when Plaintiffs received some unexpected news. On December 7, 2014, just days before his scheduled deposition, Dr. Lahmeyer alerted counsel that he was experiencing a serious medical condition that prevented him testifying in the two California Cymbalta cases and that this condition could potentially prevent him from moving forward as Plaintiffs' expert for all their Cymbalta withdrawal cases, including *Seagroves*. *See* Pogust Decl., at ¶4. Despite these concerns, both Plaintiffs' counsel and Dr. Lahmeyer remained hopeful that his medical condition would resolve and he would be available as Plaintiffs' expert. *See* Pogust Decl., at ¶5.

Unfortunately, by January 27th, based on communications with Dr. Lahmeyer, Plaintiffs received the unpleasant news that Dr. Lahmeyer's health issues had not resolved and he would be unable to move forward as Plaintiffs' expert. *See* Pogust Decl., at ¶6. Plaintiffs were now left without a specific causation expert in *Seagroves* and the California cases--with trial quickly approaching.

---

[1] *Erin & Nick Hexum v. Eli Lilly & Co.*, C.D. of California, CV 13-2701 SVW−MAN; *Claudia Herrera & Peter Lowry v. Eli Lilly & Co.*, C.D. of California., CV 13-2702 SVW−MAN.

In an effort to mitigate these circumstances and comply with the Court's scheduling order, Plaintiffs' counsel immediately responded and successfully retained a new specific causation expert, Dr. Joseph Glenmullen, for this litigation and the two California cases. *See* Pogust Decl., at ¶7. Plaintiffs then quickly filed a motion to substitute experts[2] in the California cases and requested an extension of time to serve expert disclosures in *Seagroves*. At the time Plaintiffs were hopeful, perhaps naively, to meet the remaining pretrial deadlines and Lilly counsel granted Plaintiffs a two week extension from the original February 20, 2015 Plaintiffs' expert disclosure deadline. *See* Phyllis Jones email to Kevin O'Brien dated February 12, 2015, attached hereto as Exhibit "A".

Yet, when Dr. Glenmullen received the voluminous materials and became cognizant of the enormity of the task at hand coupled with his new responsibilities in the two California Cymbalta related trials, it became apparent additional time was necessary. *See* Pogust Decl., at ¶11. Dr. Glenmullen's schedule is similarly hampered by other professional responsibilities and a previously scheduled, three-week European travel commitment commencing March 18th. *See* Pogust Decl., at ¶12.

Despite these limitations, Dr. Glenmullen has been hard at work diligently reviewing thousands of pages of medical records, deposition transcripts, expert reports, corporate documents, and other Cymbalta related documents in preparation of drafting his expert reports and testifying in the three Cymbalta cases. *See* Pogust Decl., at ¶13. Given the advent of trials in California Cymbalta cases is less than two months away, Dr. Glenmullen needs the additional time to draft expert reports, prepare for depositions, and carve out his attendance at trial in the California cases. The reality remains that Dr. Glenmullen's time will be substantially consumed by the trial. Following the Cymbalta

---

[2] *Erin & Nick Hexum v. Eli Lilly & Co.*, C.D. (Dkt. 125); *Claudia Herrera & Peter Lowry v. Eli Lilly & Co.* (Dtk. 126)

trial in May, Dr. Glenmullen's time constraints will be relieved. It is difficult to understand Lilly's contrived crisis in not allowing Dr. Glenmullen and Plaintiffs additional time.

Besides the upcoming trials, there are an additional forty *plus* cases that Plaintiffs' counsel are litigating against Lilly across the country. *See* Pogust Decl., at ¶14. Despite Plaintiffs' counsel diligent efforts, the preparation for the California trials and Plaintiffs' counsel unavailability during trial are also going to substantially inhibit the ability of Plaintiffs to comply with the upcoming court deadlines.[3] *See* Pogust Decl., at ¶15.

Currently, there is no trial setting and the fact remains that both Parties would benefit by the additional time. Yet, Lilly counsel indicated in a March 5th email that they object to any modification of the scheduling order. *See* Phyllis Jones email to Harris Pogust, dated March 5, 2015, attached hereto as Exhibit "B". Here, it certainly appears that Lilly is insistent on using Dr. Lahmeyer's unfortunate medical condition and Plaintiffs' need for replacement to their advantage. Unfortunately, any expectation of professional courtesy has given way to other Lilly motives. We have no trial setting and we certainly do not have any explanation for Lilly to bypass professional courtesy. Despite Lilly's claims to the contrary, the necessity for additional time has been conveyed *and* briefed in the California cases. And yet ironically, despite their opposition to extending pretrial deadlines, Lilly continues request discovery *months* following the December 12, 2014 discovery deadline. In fact, Lilly (*with* Plaintiffs' consent) collected additional medical records from Gilbert Medical Center on February 23rd and made an additional request for Plaintiffs' medical records as recently as March 3rd. *See* email exchanges between Kevin O'Brien and Brett Reynolds, attached hereto as Composite

---

[3] Scheduling Order (Dkt. No. 26): **April 3, 2015**: Rebuttal expert reports, **May 1, 2015**: Expert deposition completion; **June 5, 2015**: Dispositive motions and motions challenging expert testimony; **June 26, 2015**: Joint Proposed Pretrial Order.

PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER

Exhibit "C". Lilly has also requested and taken depositions[4] almost a month following the discovery deadline. And yet, Plaintiffs again, in a spirit of cooperation, have always accommodated these Lilly post-discovery deadline requests of depositions and medical record requests.

In denying Plaintiffs' MDL Petition, the JPML explained "In fact, just two firms represent plaintiffs in all the constituent actions, and Lilly is represented in all actions by a single law firm. This overlap suggests that informal coordination with respect to the remaining common discovery, as well as other pretrial matters, should be practicable." *In re: Cymbalta (Duloxetine) Prods. Liab. Litig.*, MDL No. 2576 (Dec. 10, 2014), *available* at http://www.jpml.uscourts.gov/sites/jpml/files/MDL-2576-Denied_Transfer-12-14.pdf. Here, in the spirit of the JPML's vision of informal coordination, Plaintiffs are requesting a modest extension to the pretrial deadlines while Plaintiffs' specific causation expert gets caught up to speed and the Parties try the first Cymbalta withdrawal case.

## Legal Standard and Argument

Pursuant to Fed. R. Civ. P. 16(b)(4), a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)4. For the purposes of the rule, "good cause" means that scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot be reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reason for seeking modification."

---

[4] Defendant took the deposition of Andrew Fabrizius on January 5th prior to the Court entering an Order.

-6-

*Zivkovic*, 302 F.3d at 1087.

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012)(quoting *Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), adopted, 11-CV-0360-LKK, 2012 WL 218959, at *1 (E.D. Cal. Jan. 23, 2012)(other citation omitted)). Under this three-step inquiry:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of *the development of matters which could not have been reasonably foreseen or anticipated* at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal,* 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)) (Emphasis added).

Here, Plaintiffs undoubtedly satisfy the Rule 16 "good cause" standard as highlighted under *Morgal*. Plaintiffs encountered an unfortunate and unforeseen obstacle in Dr. Lahmeyer's unavailability due to "the development of matters which could not have been reasonably foreseen or anticipated." *Morgal,* 284 F.R.D. at 460. Plaintiffs worked diligently and quickly to retain a new specific causation expert, Dr. Joseph Glenmullen. And now that it has become apparent that Plaintiffs are not be able to meet the deadlines under the Court's current scheduling order, Plaintiffs diligently seek amendment of the Rule 16 order.

As such, for the reasons outlined above, Plaintiffs respectfully request this Honorable Court to amend the Scheduling Order entered January 10, 2014 (Dkt. 26) as follows: Plaintiffs' expert disclosure deadline is extended to May 20, 2015; Defendant's expert disclosure deadline is extended to June 22, 2015; Rebuttal expert disclosures deadline is extended to July 3, 2015; Expert deposition completion deadline is extended to August 3, 2014; Dispositive Motions and Motions challenging expert opinions deadline is extended to September 4, 2015, and Joint Proposed Pretrial Order deadline is extended to September 28, 2015.

DATED: March 6, 2015

Respectfully submitted,

POGUST BRASLOW & MILLROOD LLC

/s/ Harris L. Pogust

Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
T. Matthew Leckman (*pro hac vice*)
mleckman@pbmattorneys.com
161 Washington Street, Suite 1520
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245

PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER