Harris L. Pogust (*pro hac vice*)
hpogust@pbmattorneys.com
T. Matthew Leckman (*pro hac vice*)
mleckman@pbmattorneys.com
POGUST BRASLOW & MILLROOD LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245

Attorneys for Plaintiffs
THOMAS SEAGROVES & UTE
SEAGROVES (H&W)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS SEAGROVES and UTE SEAGROVES, <br><br> Plaintiffs, <br><br> vs. <br><br> ELI LILLY & COMPANY, an Indiana corporation, <br><br> Defendant. | No.: CV-13-01183-PHX-DJH <br><br> **DECLARATION OF HARRIS POGUST** |

I, Harris Pogust, hereby declare as follows:

1. I am counsel for above-captioned Plaintiffs in these matters. I make this Declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2. I make this Declaration in support of Plaintiffs' position as stated in Plaintiffs' Motion to Modify the Scheduling Order and Memorandum of Points and Authorities in Support Thereof.

3. During the summer of 2014, Plaintiffs' counsel retained Dr. Henry Lahmeyer as their specific causation expert to prepare reports and testify at deposition and trial in *Seagroves* and two related California Cymbalta cases.

4. In fact, in the California cases, Dr. Lahmeyer's expert reports had been prepared and provided to Lilly when Plaintiffs received some unexpected news. On December 7 2014, just days before his deposition, Dr. Henry Lahmeyer alerted counsel that he was experiencing a serious medical condition that prevented him from testifying at deposition in the two California Cymbalta cases and that this condition could potentially prevent him from moving forward as Plaintiffs' expert in all the Cymbalta cases, including *Seagroves*.

5. Despite these concerns, Plaintiffs' counsel and Dr. Lahmeyer remained hopeful that his medical condition would resolve and he would be available as Plaintiffs' expert.

6. Unfortunately, by January 27, 2015, based on communications with Dr. Lahmeyer, Plaintiffs' counsel received the unpleasant news that Dr. Lahmeyer's health issues had not resolved and he would be unable to move forward as Plaintiffs' expert.

7. In an effort to mitigate these circumstances and comply with the Court's scheduling order, Plaintiffs' counsel immediately responded and successfully retained a new specific causation expert, Dr. Joseph Glenmullen, for this litigation and the two California Cymbalta cases.

8. The two California cases are scheduled to go to trial on May 5, 2015.

9. Dr. Glenmullen is in the process of preparing reports in those cases which will take the place of those provided by Dr. Lahmeyer. Dr. Glenmullen will also be required to give deposition testimony in those cases in the upcoming weeks. A motion is currently pending in front of the Honorable Stephen V. Wilson in the Central District of California requesting that this substitution be allowed.

10. Plaintiffs' counsel relayed the unfortunate news concerning Dr. Lahmeyer to Lilly and requested an extension of time to serve expert disclosures. At the time Plaintiffs were hopeful, perhaps naively, to meet the remaining pretrial deadlines and Lilly counsel granted Plaintiffs a two week extension from the original February 20, 2015 Plaintiffs' expert disclosure deadline.

11. When Dr. Glenmullen received the voluminous materials and became cognizant of the enormity of the task at hand, coupled with his new responsibilities in the two California Cymbalta related trials, he relayed to Plaintiffs' counsel that additional time was necessary.

12. Dr. Glenmullen's schedule is similarly hampered by other professional responsibilities and a previously scheduled, three-week European travel commitment commencing March 18th.

13. Despite these limitations, Dr. Glenmullen has been hard at work diligently reviewing thousands of pages of medical records, deposition transcripts, expert reports, corporate documents, and other Cymbalta related documents in preparation of drafting his expert reports and testifying in the three Cymbalta related cases.

14. Besides the upcoming trials, there are an additional forty *plus* cases that Plaintiffs' counsel are litigating across the country.

15. Despite Plaintiffs' counsel diligent efforts, preparation for the California trials and Plaintiffs' counsel unavailability during trial are also going to substantially inhibit the ability to comply with the upcoming court deadlines.

16. With regard to the Exhibits to Plaintiffs' Motion Modify the Scheduling Order and Memorandum and Points and Authorities in Support Thereof:

   a. Attached hereto as Exhibit A is a true and correct copy of Phyllis Jones's email to Kevin O'Brien dated February 12, 2015;

   b. Attached hereto as Exhibit B is a true and correct copy of Phyllis Jones email exchange with Harris Pogust dated March 4th and 5th, 2015;

   c. Attached hereto as Composite Exhibit C is a true and correct copy of *See* email exchanges between Plaintiffs' counsel, Kevin O'Brien, and Lilly's Counsel, Brett Reynolds dated February 23rd to March 5th, 2015.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 6, 2015.

|    |                                           |
|----|-------------------------------------------|
| 1  |                    /s/ Harris Pogust      |
| 2  |                    Harris Pogust          |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28