IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Seagroves, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>Eli Lilly and Company,<br><br>            Defendant. | No. CV-13-01183-PHX-DJH<br><br>**ORDER** |

       This matter is before the Court on Plaintiffs' Motion to Modify the Scheduling Order and Memorandum of Points and Authorities in Support Thereof (First Request) (Doc. 59).  Defendant has filed an Opposition to Plaintiffs' Motion to Modify Scheduling Order (Doc. 60).  Plaintiff has not filed a reply and the time to do so has expired.  *See* LRCiv 7.2(d) (providing that if a party chooses to submit a reply, it must be filed within seven days after service of the response).

       A scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). For purposes of this rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks

omitted).

Here, Plaintiffs seek to extend by ninety days six deadlines in the Scheduling Order (Doc. 26) issued by Judge Wake on January 10, 2014, including four deadlines pertaining to expert witnesses, the dispositive motions deadline and the date by which a joint proposed pretrial order must be submitted. Plaintiffs contend that the causation expert they retained to testify in this case and in two California Cymbalta cases, Dr. Henry Lahmeyer, is suffering from a serious medical condition and, as a result, is unable to continue his work as an expert witness. Plaintiffs further contend they have successfully retained a new causation expert, Dr. Joseph Glenmullen, for this and the two California cases. Plaintiffs claim that because the two California cases are scheduled for trial beginning on May 5, 2015, Dr. Glenmullen is in the process of preparing reports in those cases to take the place of Dr. Lahmeyer's reports. In addition, Dr. Glenmullen will also be required to provide deposition testimony in the California cases before the trial commences. Given these constraints, Plaintiffs argue they have demonstrated good cause for the requested scheduling order modifications.

Defendant opposes the requested extensions because, Defendant argues, Plaintiffs have not shown good cause or diligence. Defendant states that Plaintiffs first learned of Dr. Lahmeyer's medical problems no later than December 7, 2014 and determined conclusively no later than January 27, 2015 that he could not serve as Plaintiffs' expert in this case. Plaintiffs then asked Defendant for a two-week extension of their February 20, 2015 expert witness disclosure deadline, to which Defendant agreed because it would not affect the other deadlines in the scheduling order. Plaintiffs, however, did not disclose their expert within the two-week extension and instead filed this motion on March 6, 2015. Plaintiffs claim that despite the substitution, they were hopeful Dr. Glenmullen could complete his review and prepare a timely report such that they could comply with the agreed upon extension and meet the remaining pretrial deadlines. However, because Dr. Glenmullen's time "will be substantially consumed" by the upcoming trial in California, Plaintiffs claim he will need additional time to review Mr. Seagroves' medical

records, deposition testimony and other records to prepare his expert report in this case.

The Court has reviewed the docket in the Central District of California cases, CV 13-2701-SVW-MAN and 13-2702-SVW-MAN, and notes that the District Judge there granted Plaintiffs' motion to substitute Dr. Glenmullen as a causation expert in place of Dr. Lahmeyer for the upcoming trial in early May. Although this Court would not typically modify scheduling order deadlines known to the parties for more than a year simply because they conflict with a trial in another case, the Court finds that the circumstances here establish good cause for the requested modifications. Even though Plaintiffs may have first learned of Dr. Lahmeyer's medical condition in December, it was reasonable to wait and see if his condition would improve before making the decision to retain a different expert. Under these circumstances, the Court finds Plaintiffs acted with sufficient diligence in attempting to comply with the deadlines before seeking a modification.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Modify the Scheduling Order and Memorandum of Points and Authorities in Support Thereof (First Request) (Doc. 59) is **GRANTED**.

**IT IS FURTHER ORDERED** that that the deadlines in the Scheduling Order (Doc. 26) are modified as follows:

1. Plaintiffs' expert disclosures: **May 20, 2015**.
2. Defendant's expert disclosures: **June 22, 2015**.
3. Rebuttal expert disclosures: **July 3, 2015**.
4. Expert deposition deadline: **August 3, 2015**.
5. Dispositive motions and motions challenging expert opinion testimony deadline: **September 4, 2015**.
5. Joint Proposed Pretrial Order deadline (if no motions for summary judgment have been filed): **September 28, 2015**.

All other provisions of the Scheduling Order (Doc. 26) shall remain in effect.

1    **IT IS FINALLY ORDERED** that the Court will not consider any requests by
2 Plaintiffs for further extensions of these deadlines.
3    Dated this 21st day of April, 2015.

4
5
6                                                    _____
                                                     Honorable Diane J. Humetewa
7                                                    United States District Judge